NOVEMBER 3, 1803.

# John G. Meaux v. Arend Rutgers.

*Upon a writ of error to reverse a judgment of the Danville District Court.*

1. An indorsement on an execution is as much a part of the execution as if it had been inserted in the body thereof.

2. It is not necessary that a replevy bond should state that the execution had been levied on the real or personal property of the defendant, or that it was entered into for an estate taken in execution and restored to the debtor.

The first error assigned is not well founded, because the endorsement on the execution is truly stated, which endorsement is as

Meaux *v.* Rutgers.

much a part of the execution as if it had been inserted on the body of it, for the same reason that an endorsement on a bond shall be considered as a part of the bond; besides, this bond was taken by virtue of an act entitled "an act to amend the act entitled an act to amend an act entitled an act subjecting lands to the payment of debts and for other purposes," passed the 21st of December, 1799, which does not require that the bond should contain a particular recital of the execution. It declares that the "bond shall be *returned* and *proceeded* on as heretofore has been directed in respect of replevin bonds," not that the bond shall contain all the *requisites* of a replevy bond, as was contended by the plaintiff's counsel.

As to the second error, no law has been shown, nor can any be discovered by the court, which requires that the replevy bond should state that the execution was levied on the *real* or *personal* property of the defendants; neither does the law (under which this bond was taken) require that the bond shall mention that it was entered into for estate taken in execution and restored to the debtor; this requisite is only necessary, if in any case in replevy bonds taken upon contracts' entered into before the first day of February, 1793.

As to the third error. It appears from calculation, that the bond has been taken for 5 shillings and 3 pence, 3 farthings too much, for which excess a credit should have been given; but from the error assigned, this excess is not complained of. The error is, that "the amount of neither interest nor costs are truly set forth in the said bond." It is truly stated, that the interest is not correctly set forth; it is stated in the bond to be £34 5 11, when in fact it is £35 0 5 3¾, so that it is less in the bond than the sum really due, which is not an injury of which the plaintiffs ought to complain. The sheriff's commission is stated to be £5 16 1½, when it really is but £4 16 3, so that the overcharge in the commission makes up the deficiency of the interest and produces the excess before stated, the error is, therefore, in the sheriff's commissions, which is not embraced by the errors assigned. Therefore, it is considered by the court, that the judgment aforesaid be affirmed, that the defendant may proceed to have the benefit of the same in the court below, and recover of the plaintiffs his costs in this behalf expended, which is ordered to be certified to the Lincoln circuit court.